IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NORTH TEXAS DRYWALL SYSTEMS, LLC | § § § |
| V. | §  CASE NO. 5:24-cv-185 § |
| CADDELL CONSTRUCTION CO., LLC AND TRAVELERS CASUALTY AND SURETY COMPANY | § § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT

North Texas Drywall Systems, LLC ("Plaintiff" or "NTXDS") files this Original Complaint against Defendants Caddell Construction Co., LLC and Travelers Casualty and Surety Company, and in support states and alleges as follows:

## PARTIES

1. North Texas Drywall Systems is a Texas limited liability corporation, organized and existing under the laws of the State of Texas with its principal office and place of business located at 12234 Currency Circle, Forney, Texas 75126.  NTXSD is engaged in the business of installing drywall, trusses, and metal roof decking.

2. Defendant Caddell Construction Co., LLC ("Caddell"), here referred to as Defendant Contractor, is a corporation organized and existing under the laws of the State of Delaware, with its principal office and place of business located at 445 Dexter Avenue, Suite 11000, Montgomery, Alabama 36104, and may be served with process through its registered agent, CT Corporation at 1999 Bryan St., Ste. 900, Dallas, TX. 75201-3136.

3. Defendant Travelers Casualty and Surety Company ("Travelers"), here referred to as Defendant Surety, is a corporation organized and existing under the laws of the State of Connecticut and duly organized to engage in the business of executing surety bonds in that state,

with its principal office and place of business located at One Tower Square, Hartford, Connecticut 06183 and may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

4. This action arises, and the Court has jurisdiction, under the Miller Act, United States Code Annotated, Title 40, §§ 3131 to 3134 (40 U.S.C.A. §§ 3131 to 3134). Venue is proper in this district because the principal contract described below in paragraph 5 between Defendant Caddell and the United States of America, acting by and through the United States Army Corps of Engineers was to be performed and executed in the Western District of Texas.

## FACTS GIVING RISE TO CLAIM

5. On January 16, 2019, Defendant Contractor entered into a contract, here referred to as the Principal Contract, in writing with the United States of America, acting by and through the United States Army Corps of Engineers, to furnish the materials and perform the labor for the construction of the Airmen Training Complex Dorms and Dining Classroom Facility/1060, Lackland AFB, TX, in accordance with the specifications contained in the contract, for a consideration of $143,514,000.00. The contract was designated Contract No. W9126G-19-C-0001.

6. On January 18, 2019, pursuant to the terms of the contract, Defendant Contractor, as principal, and Defendant Surety as surety, executed and delivered to the United States their bond, conditioned as required by the Miller Act, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the Principal Contract.

7. On July 6, 2020, NTXDS entered into a contract with Defendant Contractor, as amended by change orders of various dates, by the terms of which NTXDS agreed to furnish

certain labor and equipment required for the construction project under the Principal Contract between Defendant Contractor and the United States of America. A copy of this subcontract is attached as Exhibit "A" hereto and incorporated by reference.

8. NTXDS then entered into the performance of its contract and furnished labor and equipment as prescribed in the subcontract and performed additional and extra labor in the prosecution of the work provided for in the Principal Contract between Defendant Contractor and the United States of America, as follows:

> A. NTXDS performed labor under the contract as follows: Light gauge truss install, including installation of steel trusses and steel decks. The reasonable and agreed value of such labor was and is $873,000.00. Defendant Contractor has paid $539,995.00 of such amount, leaving a balance due of $333,665.00.
>
> B. NTXDS performed extra labor pursuant to approved and unapproved change orders as follows: truss repair, removal, and replacement, remobilization, and equipment rental. The reasonable value of such extra labor was and is $244,750.00. Defendant Contractor has paid $0 of such amount, leaving a balance due of $244,750.00.

## CAUSE OF ACTION
### Breach of Contract/Miller Act

9. Notwithstanding NTXDS' several demands on Defendant Contractor for payment, such balances have not been paid and there is now justly due and owing to NTXDS the sum of $577,755.00, that amount being the reasonable value of the labor performed and equipment furnished by NTXDS to Defendant Contractor, less those amounts already paid to NTXDS as set forth above.

10. Defendant Contractor breached its contract with NTXDS in that it failed and refused to pay NTXDS the monies due it for labor performed and equipment furnished, as set forth above, and NTXDS was then forced to terminate its performance of the contract.

11. The date on which the last labor was performed and equipment supplied to Defendant Contractor by NTXDS was February 27, 2023. More than 90 (ninety) days has elapsed since such date, and NTXDS has not been paid in full for the labor performed and equipment furnished for prosecution of the Principal Contract.

12. All conditions precedent for bringing and maintenance of this action have been performed or have occurred.

## JURY DEMAND

13. Pursuant to Federal Rule of Civil Procedure 38, NTXDS respectfully demands a trial by jury of all issues so triable.

WHEREFORE, the United States of America, on behalf of and to the use of North Texas Drywall Systems, LLC, requests judgment against Defendants Caddell Construction Co., LLC and Travelers Casualty and Surety Company, and both of them, jointly and singly, as follows:

   a. For the sum of $577,755.00, together with interest at the legal rate on such amount awarded as allowed by law from the date on which the amount became due until paid;

   b. For costs of this action; and

   c. For such other and further relief as the Court deems just and proper.

Date: February 22, 2024            Respectfully submitted,

**COOPER & SCULLY, P.C.**

By:  /s/ R. Douglas Rees
     **R. DOUGLAS REES**
     doug.rees@cooperscully.com
     Texas Bar No.16700600

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**ATTORNEY FOR PLAINTIFF**